**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>SOUTHERN FOODS GROUP, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 19-36313 (DRJ)<br><br>(Jointly Administered) |
| Dean Dairy Holdings, LLC and Dean Foods Company,<br><br>Plaintiffs,<br><br>v.<br><br>Chalet Desserts, Inc.,<br><br>Defendant. | Adv. No. **Refer to Summons** |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Dean Dairy Holdings, LLC and Dean Foods Company (together, the "**Plaintiffs**"), two of the debtors in the above-captioned chapter 11 cases (collectively the "**Debtors**"), by and through their undersigned counsel, file this complaint (the "**Complaint**") to avoid and recover transfers

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southern Foods Group, LLC (1364); Dean Foods Company (9681); Alta-Dena Certified Dairy, LLC (1347); Berkeley Farms, LLC (8965); Cascade Equity Realty, LLC (3940); Country Fresh, LLC (6303); Dairy Information Systems Holdings, LLC (9144); Dairy Information Systems, LLC (0009); Dean Dairy Holdings, LLC (9188); Dean East II, LLC (9192); Dean East, LLC (8751); Dean Foods North Central, LLC (7858); Dean Foods of Wisconsin, LLC (2504); Dean Holding Company (8390); Dean Intellectual Property Services II, Inc. (3512); Dean International Holding Company (9785); Dean Management, LLC (7782); Dean Puerto Rico Holdings, LLC (6832); Dean Services, LLC (2168); Dean Transportation, Inc. (8896); Dean West II, LLC (9190); Dean West, LLC (8753); DFC Aviation Services, LLC (1600); DFC Energy Partners, LLC (3889); DFC Ventures, LLC (4213); DGI Ventures, Inc. (6766); DIPS Limited Partner II (7167); Franklin Holdings, Inc. (8114); Fresh Dairy Delivery, LLC (2314); Friendly's Ice Cream Holdings Corp. (7609); Friendly's Manufacturing and Retail, LLC (9828); Garelick Farms, LLC (3221); Mayfield Dairy Farms, LLC (3008); Midwest Ice Cream Company, LLC (0130); Model Dairy, LLC (7981); Reiter Dairy, LLC (3675); Sampson Ventures, LLC (7714); Shenandoah's Pride, LLC (2858); Steve's Ice Cream, LLC (6807); Suiza Dairy Group, LLC (2039); Tuscan/Lehigh Dairies, Inc. (6774); Uncle Matt's Organic, Inc. (0079); and Verifine Dairy Products of Sheboygan, LLC (7200). Daniel H. Golden, Trustee, Dean Foods Company Estate & Liquidating Trust, In Care of BRG 250 Pehle Avenue, Suite 301, Saddle Brook, NJ 07663, Attn: Rick Wright.

against Chalet Desserts, Inc. ("**Defendant**") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiffs allege upon information and belief that:

## NATURE OF THE CASE

1. Plaintiffs seek to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all (a) preferential transfers of property that occurred during the ninety (90) day period prior to Petition Date (as defined herein) pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "**Bankruptcy Code**") and, subject to proof, (b) transfers that may have been fraudulent conveyances pursuant to sections 548 and 550 of the Bankruptcy Code.

2. In addition, Plaintiffs seek to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiffs do not waive but hereby reserve all of their rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).

4. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In addition, Plaintiffs confirm their consent, pursuant to Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**") 7008 and Rule 7008-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas, to the entry of a final order by the Court in

connection with this Complaint to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue of Plaintiffs' chapter 11 cases, as well as the other Debtors' chapter 11 cases and this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Bankruptcy Rules 3007 and 7001.

## PROCEDURAL BACKGROUND

7. On November 12, 2019 (the "**Petition Date**"), each of the Debtors commenced a chapter 11 case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

8. The Court entered an order authorizing the joint administration of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b). [D.I. 9].

9. On March 17, 2021, the Court entered an order confirming the *First Amended Joint Chapter 11 Plan of Liquidation of Southern Foods Group, LLC, Deans Foods Company, and Their Debtor Affiliates* (the "**Confirmation Order**" and "**Plan**," respectively).[2] [D.I. 3565].

10. As of the date of filing this Complaint, the Effective Date of the Plan has not yet occurred.[3]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, Confirmation Order, and/or Liquidating Trust Agreement. *See* D.I. 3557-1.

[3] Upon the occurrence of the Effective Date, the Liquidating Trust (the "**Trust**") will be established, and the Liquidating Trust Assets, including, among other things, the Avoidance Actions arising under chapter 5 of the Bankruptcy Code, will be transferred to the Trust free and clear of all Claims, Liens, encumbrances, charges, other interests, and contractually imposed restrictions. Upon the occurrence of the Effective Date, Daniel H. Golden, as Liquidating Trustee of the Trust, shall, as he deems necessary or appropriate, be automatically deemed substituted or supplemented as the Plaintiff and party in interest, without the need to amend the Complaint. *See* Plan, D.I. 3565, Art. V.C.

## THE PARTIES

11. As more fully discussed in the *Disclosure Statement for Joint Chapter 11 Plan of Liquidation of Southern Foods Group, LLC, Dean Foods Company, and Their Debtor Affiliates* (the "**Disclosure Statement**"),[4] the Debtors were a leading food and beverage company and the largest processor and direct-to-store distributor of fresh fluid milk and other dairy and dairy case products in the United States. The Debtors manufactured, marketed, and distributed a wide variety of branded and private label dairy and dairy case products, including fluid milk, ice cream, cultured dairy products, creamers, ice cream mix, and other dairy products to retailers, distributors, foodservice outlets, educational institutions, and governmental entities across the United States. Prior to commencement of certain sale transactions, the Debtors operated 56 manufacturing facilities in 29 states, located largely based on customer needs and other market factors, with distribution capabilities across all 50 states.

12. Pursuant to Bankruptcy Code sections 547, 548, 550, 704(a), 1106, and 1107, as well as paragraph 17 of the Confirmation Order, Plaintiffs are authorized and have standing to pursue this avoidance action.

13. Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided bakery services and ingredients to or for Plaintiffs. Upon further information and belief, at all relevant times, Defendant's principal place of business has been and is located at 2701 Land Avenue, Sacramento, California 95815. Plaintiffs are informed and believe and on that basis allege that Defendant is a corporation residing in and subject to the laws of a California.

---

[4] D.I. 3369.

**FACTUAL BACKGROUND**

14. Prior to the Petition Date, the Debtors, as processors and direct-to-store distributors of fresh fluid milk and other dairy products, maintained business relationships with various business entities and individuals, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services.

15. The financial difficulties that led to the Debtors' decision to file the chapter 11 cases are attributable to a combination of industry-wide and company-specific factors and events.[5] On an industry-wide basis, demand for milk had fallen approximately 2% year-over-year in North America for the 10 years leading up to the Petition Date. Shrinking consumption of fluid milk and slim margins made things very difficult for conventional milk processors like the Debtors. In addition to decreasing demand, prices for conventional raw milk increased during 2019: during the third quarter of 2019, prices were approximately 19.3% higher than year-ago levels and increased approximately 7.5% sequentially from the second quarter of 2019.

16. On a Debtor-specific basis, the Debtors lost a core component of their customer base. In early 2018, Walmart, which including its subsidiaries accounted for approximately 17.5% of the Debtors' net sales for the year ended December 31, 2017, opened a large dairy manufacturing plant in Indiana that resulted in a loss to the Debtors of approximately 100 million gallons of fluid milk in annualized sales volume. The Debtors lost an additional nearly 40 million gallons of annualized fluid milk sales from another major customer further exacerbating the effects of volume deleverage. Following these volume declines, the Debtors negotiated waivers of certain leverage related financial covenants. Ultimately, however, in August 2019 the Debtors reported their second quarter results and projected that they would be a net user of cash for the

---

[5] These factors and events are discussed in greater detail in the Disclosure Statement.

full 2019 year. In September and October 2019, cash losses continued to mount, and the Debtors' liquidity diminished. By early October 2019, the Debtors saw a sharp decline in preliminary third quarter 2019 results and realized that they faced a financial forecast that was deteriorating faster than prior forecasts.

17. As described in Article III of the Plan and Section IV.B of the Disclosure Statement, General Unsecured Claims comprise an impaired class of creditors and are expected to receive less than 1% of the value of their claims.

18. During the ninety (90) days before and including the Petition Date, that is between August 14, 2019 and November 12, 2019 (the "**Preference Period**"), the Debtors continued to operate their business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, or otherwise, to various entities.

19. Upon information and belief, during the course of their relationship, Defendant and one or more of the Debtors entered into agreements for the purchase of goods and/or services from the Defendant by Plaintiffs on behalf of themselves and/or one or more other Debtors, which are evidenced by one or more contracts, purchase orders, invoices, communications, and other documents (collectively, the "**Agreements**"). The payments to the Defendant in respect of the Agreements during the Preference Period are set forth on the Plaintiffs' Statements of Account, which are attached hereto and incorporated by reference as Exhibits A and B. Such details include "Invoice Number," "Invoice Date," "Invoice Amount," and the "Payment Date."

20. Dean Dairy Holdings, LLC made transfer(s) of an interest of Dean Dairy Holdings, LLC's property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than the amount set forth on Exhibit A hereto (the "**Dean Dairy Holdings, LLC Transfer**" or "**Dean Dairy Holdings, LLC Transfers**"). The details of each Dean Dairy

Holdings, LLC Transfer are set forth on Exhibit A attached hereto and incorporated by reference. Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

21. Dean Foods Company made transfer(s) of an interest of Dean Foods Company's property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than the amount set forth on Exhibit B hereto (the "**Dean Foods Company Transfer**" or "**Dean Foods Company Transfers**," and together with the Dean Dairy Holdings, LLC Transfer or Dean Dairy Holdings, LLC Transfers, the "**Transfers**"). The details of each Dean Foods Company Transfer are set forth on Exhibit B attached hereto and incorporated by reference. Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

22. Plaintiffs are seeking to avoid all of the Transfers made by the applicable Debtors to Defendant within the Preference Period.

23. On or about August 7, 2020, and possibly additional date(s), Plaintiffs, through counsel, sent one or more demand letters (the "**Demand Letter**") to Defendant, seeking a return of the Transfer(s). The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to section 547(c) of the Bankruptcy Code, and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so Plaintiffs could review the same. Plaintiffs also performed their own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant.

24. Based upon Plaintiffs' review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing their own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiffs have

determined that they may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

25. During the course of this proceeding, Plaintiffs may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code. It is Plaintiffs' intention to avoid and recover all avoidable transfers of property made by the Debtors, as well as interests of the Debtors in property, to or for the benefit of Defendant or any other transferee. Plaintiffs reserve their right to amend this original Complaint to include the following: (a) further information regarding the Transfer(s); (b) additional transfers; (c) modifications of and/or revision to Defendant's name; (d) additional defendants; (e) additional Debtor plaintiffs; and/or (f) additional causes of action, if applicable (collectively, the "**Amendments**"), that may become known to Plaintiffs at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### First Claim for Relief
**(Avoidance of Preference Period Dean Dairy Holdings, LLC Transfers – 11 U.S.C. § 547)**

26. Plaintiffs incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this First Claim for Relief.

27. During the Preference Period, Dean Dairy Holdings, LLC made each Dean Dairy Holdings, LLC Transfer to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit A hereto.

28. Each Dean Dairy Holdings, LLC Transfer was made from Dean Dairy Holdings, LLC, and constituted transfers of an interest in property of Dean Dairy Holdings, LLC.

29. Defendant was a creditor of Dean Dairy Holdings, LLC at the time of each Dean Dairy Holdings, LLC Transfer by virtue of supplying goods and/or services to Dean Dairy Holdings, LLC for which Dean Dairy Holdings, LLC was obligated to pay in accordance with the Agreements.  *See* Exhibit A.

30. Each Dean Dairy Holdings, LLC Transfer was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each Dean Dairy Holdings, LLC Transfer either reduced or fully satisfied a debt or debts then owed by Dean Dairy Holdings, LLC to Defendant.  *See* Exhibit A.

31. Each Dean Dairy Holdings, LLC Transfer was made for, or on account of, an antecedent debt or debts owed by Dean Dairy Holdings, LLC to Defendant before such Dean Dairy Holdings, LLC Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by Dean Dairy Holdings, LLC.  *See* Exhibit A.

32. Each Dean Dairy Holdings, LLC Transfer was made while Dean Dairy Holdings, LLC was insolvent. Dean Dairy Holdings, LLC is entitled to the presumption of insolvency for each Dean Dairy Holdings, LLC Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

33. Each Dean Dairy Holdings, LLC Transfer was made during the Preference Period, as set forth on Exhibit A.

34. As a result of each Dean Dairy Holdings, LLC Transfer, Defendant received more than Defendant would have received if: (a) Dean Dairy Holdings, LLC's chapter 11 case was a case under chapter 7 of the Bankruptcy Code; (b) the Dean Dairy Holdings, LLC Transfers had

not been made; and (c) Defendant received distributions on account of its debts under the provisions of the Bankruptcy Code. As evidenced by Dean Dairy Holdings, LLC's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, and as described in the Plan and Disclosure Statement, Dean Dairy Holdings, LLC's liabilities exceed its assets such that Dean Dairy Holdings, LLC's unsecured creditors will not receive payment of their claims in full from Dean Dairy Holdings, LLC's bankruptcy estate.

35. In accordance with the foregoing, each Dean Dairy Holdings, LLC Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

## Second Claim for Relief
### (Avoidance of Preference Period Dean Foods Company Transfers – 11 U.S.C. § 547)

36. Plaintiffs incorporate all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Second Claim for Relief.

37. During the Preference Period, Dean Foods Company made each Dean Foods Company Transfer to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit B hereto.

38. Each Dean Foods Company Transfer was made from Dean Foods Company, and constituted transfers of an interest in property of Dean Foods Company.

39. Defendant was a creditor of Dean Foods Company at the time of each Dean Foods Company Transfer by virtue of supplying goods and/or services to Dean Foods Company for which Dean Foods Company was obligated to pay in accordance with the Agreements. *See* Exhibit B.

40. Each Dean Foods Company Transfer was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each Dean Foods Company

Transfer either reduced or fully satisfied a debt or debts then owed by Dean Foods Company to Defendant.  *See* Exhibit B.

41. Each Dean Foods Company Transfer was made for, or on account of, an antecedent debt or debts owed by Dean Foods Company to Defendant before such Dean Foods Company Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by Dean Foods Company.  *See* Exhibit B.

42. Each Dean Foods Company Transfer was made while Dean Foods Company was insolvent. Dean Foods Company is entitled to the presumption of insolvency for each Dean Foods Company Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

43. Each Dean Foods Company Transfer was made during the Preference Period, as set forth on Exhibit B.

44. As a result of each Dean Foods Company Transfer, Defendant received more than Defendant would have received if: (a) Dean Foods Company's chapter 11 case was a case under chapter 7 of the Bankruptcy Code; (b) the Dean Foods Company Transfers had not been made; and (c) Defendant received distributions on account of its debts under the provisions of the Bankruptcy Code. As evidenced by Dean Foods Company's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, and as described in the Plan and Disclosure Statement, Dean Foods Company's liabilities exceed its assets such that Dean Foods Company's unsecured creditors will not receive payment of their claims in full from Dean Foods Company's bankruptcy estate.

45. In accordance with the foregoing, each Dean Foods Company Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

**Third Claim for Relief**
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

46. Plaintiffs hereby incorporate all previous allegations as though fully set forth herein, to the extent they are not inconsistent with allegations contained in this Third Claim for Relief.

47. To the extent one or more of the Transfers identified on Exhibits A and/or B was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was a transfer made by one or more of the Plaintiffs without a corresponding intercompany receivable recorded by the Debtor incurring the debt, Plaintiffs plead in the alternative that Plaintiffs did not receive reasonably equivalent value in exchange for such transfer(s) (the "**Potentially Fraudulent Transfers**"); and

   A. Plaintiffs were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

   B. Plaintiffs were engaged, or about to engage, in business or a transaction for which any property remaining with Plaintiffs was an unreasonably small capital; or

   C. Plaintiffs intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

48. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

**Fourth Claim for Relief**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

49. Plaintiffs incorporate all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with the allegations contained in this Fourth Claim for Relief.

50. Plaintiffs are entitled to avoid the Transfer(s) pursuant to section 547(b) of the Bankruptcy Code and/or any Potentially Fraudulent Transfers pursuant to section 548 of the Bankruptcy Code (collectively, the "**Avoidable Transfers**").

51. Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

52. Accordingly, pursuant to section 550(a) of the Bankruptcy Code, Plaintiffs are entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

**Fifth Claim for Relief**
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

53. Plaintiffs incorporate all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Claim for Relief.

54. Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

55. Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

56. Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Defendant and/or its assignee, against the Debtors must be disallowed until such time as Defendant

pays to Plaintiffs an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

57.     Pursuant to section 502(j) of the Bankruptcy Code, any and all Claims of Defendant, and/or its assignee, against the Debtors previously allowed by the Debtors or by Plaintiffs, must be reconsidered and disallowed until such time as Defendant pays to Plaintiffs an amount equal to the aggregate amount of the Avoidable Transfer(s).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court grant it the following relief against Defendant:

A.     On Plaintiff's First, Second, Third and Fourth Claims for Relief, judgment in favor of Plaintiffs and against Defendant avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiffs the amount of the Avoidable Transfers, pursuant to sections 547(b), 548, and 550(a) of the Bankruptcy Code, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.     On Plaintiffs' Fifth Claim for Relief, judgment in favor of Plaintiffs and against Defendant disallowing any claims held or filed by Defendant against the Debtors until Defendant returns the Avoidable Transfers to Plaintiffs pursuant to section 502(d) and (j) of the Bankruptcy Code; and

C.     Such other and further relief as this Court may deem just and proper.

Dated: April 28, 2021

**ASK LLP**

By: */s/ Kara E. Casteel*
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Kara E. Casteel, Esq., MN SBN 0389115
Anastasia Kazmina, Esq., MN SBN 0398419
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 289-3854
Fax: (651) 406-9676
Email: akazmina@askllp.com

*Attorneys for Plaintiffs*